No. 34,642

Milton V. Gafney, *Plaintiff*, v. The Wilson County Hospital, T. C. Babb, E. A. Warren, A. S. Hopkins, W. H. Edmundson, Bryan O'Brien, as Members of the Board of Hospital Trustees, and Coena Foster, as Superintendent, *Defendants*.

(102 P. 2d 893)

Opinion filed May 27, 1940.

*James E. Smith* and *E. H. Hatcher*, both of Topeka, for the plaintiff.
*W. H. Edmundson*, of Fredonia, for the defendants.

*Per Curiam:* In this original proceeding in mandamus, the plaintiff's petition was subjected to a motion to make definite and certain in various particulars. That motion was sustained, and an amendment to plaintiff's petition was filed.

Defendant has filed a motion to strike certain portions of plaintiff's amended pleading.

Plaintiff has countered with a motion to overrule defendant's motion to strike, and to require defendant to answer forthwith.

Plaintiff also seeks the appointment of a commissioner to take evidence on the question of what constituted osteopathy "as taught and practiced in legally incorporated colleges of good repute," prior

to and during the year 1913, when the statute governing the practice was enacted. (Laws 1913, ch. 290.)

Touching the last point first, the court would observe that it will be sufficient time to consider the appointment of a commissioner when proper issues of fact and of law have been joined, if the services of a commissioner will be advisable. That, however, does not yet appear.

The court holds that this lawsuit must be restricted to matters in actual controversy between the plaintiff and the Wilson County Hospital, that the wide range of issues which the litigants were permitted to cover in *State, ex rel., v. Gleason* (148 Kan. 1, 79 P. 2d 911), where the burden and expense of the litigation was of comparatively small concern to the litigants and their partisans, would be intolerable if permitted to fall on one small hospital supported by the taxpayers of a single county.

The motion of defendant to strike parts of plaintiff's petition is sustained to this extent: Paragraphs B and D of plaintiff's amended petition do not state a specific cause of action, nor do they tender an issue which can properly be litigated between the parties to this action, and those paragraphs are declared stricken.

Defendants are given fifteen days to plead to the remainder of plaintiff's petition.